WILSON, Circuit Judge,
concurring in part and dissenting in part:
I agree that the stay of execution should be vacated because the district applied the wrong legal standard. However, our order puts the cart before the horse: we are premature in determining that Ferguson has no substantial likelihood of success on the merits of his claim that the Florida courts erroneously found him competent to be executed. We should give the district court the initial opportunity to make its decision before we review it. As Justice Kennedy wrote for the majority in Panetti v. Quarterman:
It is proper to allow the court charged with overseeing the development of the evidentiary record in this case the initial opportunity to resolve petitioner’s constitutional claim. These issues may be resolved in the first instance by the District Court.
551 U.S. 930, 962, 127 S.Ct. 2842, 2863, 168 L.Ed.2d 662 (2007).
The cases cited by Judge Carnes for the proposition that we should decline to give the district court the opportunity to apply the correct legal standard are inapposite because they (1) relied on a thorough district court record, which we do not have here; and (2) do not concern habeas corpus death cases.
*29 Moreover, I have doubts about whether the Florida courts correctly applied Panet-ti.
Therefore, I would vacate the stay and remand the matter back to the district court to consider Ferguson’s claim using the correct legal standard.